## L. H. MEADOWS v. NANCY EARLES.

EXECUTION. *Failure of clerk to itemize bill of costs on.* The failure of a clerk to itemize the bill of costs on an execution, will not invalidate a levy and sale thereunder.

### FROM WARREN.

Appeal in error from the Circuit Court of Warren county. J. J. WILLIAMS, J.

BARTON & WHITSON and MURRAY & SPURLOCK for Meadows.

JONES & LIND for Earles.

FREEMAN, J., delivered the opinion of the court.

This is an action of ejectment in the circuit court of Warren county. The plaintiff claimed title by virtue of a judgment between the same parties, in which Meadows recovered the costs alone in the circuit court. The land having been sold on execution issued on this judgment, was purchased by Meadows, who obtained a deed from the sheriff, and brings this suit to obtain possession under said purchase and conveyance.

The only question for decision is, whether the execution sale is void or not, because of the fact that the clerk has failed to comply with section 3015 of the Code, by itemizing the bill of costs. That section is: "The clerk or justice, as the case may be, shall endorse on the execution when issued, the date and

amount of the judgment, and the items of the bill of costs written in words, and the amounts distinctly stated in figures, and the date of issuance."

On the face of this provision, we suppose it could not be doubted, that section was directory to the officers referred to, and was not intended to so far render the act done by the officers void, as to defeat a title acquired under such an execution. In terms it is only directed to these officers, and provides the form which they shall pursue, in execution of their duties.

We have, however, several decisions of this court, under the old acts of 1779 and 1784, and other statutes enacted to enforce these duties that held the execution in such cases absolutely void, conferring no authority on the officer whatever, consequently the sale made by him giving no title: *Hopkins* v. *Waterhouse*, 2 Yer., 230, and other cases.

These cases were based on the strong and emphatic language of the old acts, which is not carried into the Code. That language was: "And all executions issued without the bill of costs so amended shall be deemed *illegal*, and no sheriff shall serve or execute the same." No other view could have been taken of the question, as the law absolutely forbade the sheriff to execute such process, his act was not only not authorized, but forbidden, and so his sale was without authority of and in violation of law, and as a matter of course could confer no rights on any one.

But we find this language left out of the Code, which as we know was passed as a single statute by the Legislature, repealing at the same time all statutes,

the subjects of which were therein revised. We must take it that where an independent provision like this has been omitted in such a revisal of the statutes, that something was intended to be done, and results from the change. If it had been proposed to retain the result effected by these words, it would have been easy to have retained the two dozen words that embodied the requirement, that result having been long settled by judicial decision.

It is clear that leaving out these words has made an essential change in the statute. What was expressly declared to be the result, that is the illegality and voidableness of the process, is left out, and we are left to decide upon the effect of a statute that only directs these officers how they shall perform the duties enjoined, but leaves the validity of such process unaffected by its language, and to be determined on general principles of construction applicable to all such legislation. In fact, this particular statute now stands as a new legislative enactment on this question.

In the form it is now presented, no such effect as to invalidate a sale under it could even be given to it. Its language is in terms directory only to the officers, that is these officers "shall endorse on the execution when issued, the date and amount of the judgment, and the items of the bill of costs written in words, and the amounts distinctly stated in figures and the date of issuance."

It is seen from this, that if the effect contended for, results under the present language of the Code as held by the decisions referred to under the language

of the old statutes, that the sale would be equally
void if the amount of the judgment in the case in
which the costs accrued was not endorsed, and even
the date of issuance. This could not be inferred from
the language used. This shows the decisious referred
to could only have stood on the language left out of
the Code. But the Legislature has retained in the
Code a provision of the original act of 1794, which
strengthens, if it is not conclusive, in favor of the
view suggested. Section 3017, provides: "The clerk
or justice neglecting the provisions of the preceding
sections is liable to a penalty of $125, to be recovered
by action, one half to the informer, the other half to
the State, to damages at the suit of the party aggrieved,
and is also guilty of a misdemeanor in office, for
which, on conviction, he shall be removed from office."

Remembering the language discarded by the re-
visers, we can but see that it was assumed that these
penalties were ample to secure attention to the duties
prescribed, and this induced the changed language of
the provisions from what had heen embodied in the
old statutes. We have the case now of a statute
which prescribes certain duties on the part of officers,
gives specific and severe penalties for their violation,
and also indemnity to the party who may be damaged
by reason of failure to comply with the requirement.
This would seem to cover any conceivable feature of
the evil to be remedied, both by penalty and indem-
nity. In such case it would require definite language
expressing the purpose to enable a court to add to
the statute, by holding that a sale made where the

officer had violated the requirement should also be void, and communicate no title to the purchaser. The fact that the plaintiff in the execution became the purchaser in this case, can make no difference in the construction of the statute, as the statute, if it means what is contended, would necessarily invalidate a purchase by a third party. The theory of the contention can only be sustained on the ground that the execution is absolutely void. If so it would be void in all cases independent of who might purchase under it. It is not a question of any assumed equity against the plaintiff in the execution, growing out of his duty to have proper process, but a case of want of authority in the officer to sell at all.

As to the argument that the clerk renders his own judgment, or the plaintiff in such case, we need but say, the fact is not that way, but the court renders judgment for the costs—these officers made out the amount only. If an error is found, the defendant has easy means of detecting it, and when the statute is violated, he can only protect himself by suspending the execution, and indemnify himself by enforcing its penalties. This is ample protection to him, and all the statute has provided.

We therefore hold the sale valid, and disapprove the report of the Referees, affirming the judgment of the court below.